UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | |
|---|---|
| PETER DOUGLAS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) Case No: |
| ROJAS CARPET CLEAN, LLC, | ) |
| and DARIEN ROJAS, individually. | ) |
| | ) |
| Defendants. | ) |

_____

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff Peter Douglas ("Plaintiff"), by and through undersigned counsel,

sues Defendants Rojas Carpet Clean, LLC, and Darien Rojas (collectively

"Defendants"), and alleges as follows:

### I.    INTRODUCTION

1.    This is an action to recover unpaid wages, unpaid commissions,

and unpaid overtime compensation, liquidated damages, attorney's fees, and

costs arising from Defendants' violations of the Fair Labor Standards Act, 29

U.S.C. § 201 et seq. ("FLSA"), and Florida law, as well as Defendants' breach

of contract.

2.    Defendants hired Plaintiff as its Lead Technician in August 2025

1

under a compensation structure consisting of a monthly base salary plus commissions.

3. Plaintiff routinely worked approximately sixty (60) hours per week, yet Defendants failed to pay any overtime compensation for hours worked in excess of forty (40) in a workweek.

4. Defendants further failed to pay Plaintiff agreed salary amounts and earned commissions and ultimately terminated Plaintiff after he demanded payment of his wages.

## II.   JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b) because this action arises under the laws of the United States, specifically the FLSA.

6. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

7. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because Defendants conduct business in this District and the acts and omissions giving rise to these claims occurred in Hillsborough County, Florida.

## III.   PARTIES

8. Plaintiff Peter Douglas is an individual who resides in Hillsborough County, Florida.

2

9. Defendant Rojas Carpet Clean, LLC is a Florida limited liability company doing business in Hillsborough County, Florida, and at all material times was an employer engaged in interstate commerce within the meaning of the FLSA.

10. Defendant Darien Rojas is an individual residing in Florida who, at all material times, acted directly and indirectly in the interest of Rojas Carpet Clean, LLC in relation to Plaintiff and exercised operational control over the company's day-to-day functions, compensation policies, and employment decisions. At all relevant times, Darien Rojas was an "employer" within the meaning of 29 U.S.C. § 203(d).

## IV.   GENERAL FACTUAL ALLEGATIONS

11. In or about early August 2025, Defendants hired Plaintiff as a Lead Technician.

12. Plaintiff's duties included carpet cleaning, water extraction, duct cleaning, and other field services.

13. At all material times, Defendants were engaged in interstate commerce. In performing his duties, Plaintiff regularly handled, used, and sold goods and materials that had moved in interstate commerce, including cleaning equipment, chemicals, machinery, tools, parts, and supplies that were

3

manufactured outside the State of Florida and transported across state lines before being used and sold by Defendants in their business operations. Plaintiff also provided services to customers using such goods that had traveled in interstate commerce.

14.    The parties agreed that Plaintiff would be paid:

a. a base salary of $2,000 per month; and

b. Commissions equal to 33% of the revenue generated from jobs personally completed by Plaintiff (see Exhibit A).

15.    Defendants confirmed this commission structure, including a commission summary stating: "Commission summary $12,165 revenue: $4,014.45 at 33%."

16.    Plaintiff regularly worked in excess of forty (40) hours per week, commonly working approximately sixty (60) hours per week, performing both field work and administrative duties.

17.    Defendants controlled Plaintiff's schedule, assigned jobs, required use of Defendants' equipment and vehicles, and integrated Plaintiff into Defendants' day-to-day operations.

18.    Plaintiff was economically dependent on Defendants and worked exclusively for Defendants during his employment.

19.    Despite Plaintiff's long hours, Defendants never paid Plaintiff

4

overtime compensation at one and one-half times his regular rate for hours worked over forty (40) per week.

20. Darien Rojas personally exercised control over Plaintiff's compensation and employment conditions, including discussing company finances, handling disputes regarding payments (including a gas expense dispute), approving commission summaries, and issuing the directive instructing Plaintiff to "stay home" after Plaintiff inquired about unpaid wages.

21. In late August 2025, Defendants restricted Plaintiff's access to the company's CRM system and removed some of his administrative duties.

22. On or about September 2, 2025, when Plaintiff inquired about his salary, Defendants expressly refused to continue paying the agreed monthly salary, stating, "I just don't see me paying $2,000 a month…" (See Exhibit B). Defendants thereafter instructed Plaintiff to "stay home," effectively terminating his employment.

23. Defendants issued only a partial final payment of approximately $762, which was short of the salary and commissions owed.

24. Defendants failed to pay Plaintiff the remaining base salary due for September 2025 and earned commissions.

25. Defendants' failure to pay overtime compensation was willful or, at minimum, showed reckless disregard for the requirements of the FLSA.

26. Plaintiff demands a trial by jury.

## COUNT I-FAILURE TO PAY OVERTIME (FLSA, 29 U.S.C. § 207)

27. The allegations of paragraphs 1 through 25 as set forth above are re- alleged in full and incorporated herein by reference.

28. At all relevant times, Defendants were employers within the meaning of 29 U.S.C. § 203(d).

29. At all relevant times, Plaintiff was an employee within the meaning of 29 U.S.C. § 203(e).

30. Defendants constituted an enterprise engaged in interstate commerce or in the production of goods for commerce within the meaning of 29 U.S.C. §§ 203(r) and 203(s).

31. Defendants had actual and/or constructive knowledge that Plaintiff worked in excess of forty (40) hours per workweek.

32. Plaintiff routinely worked approximately sixty (60) hours per week.

33. Defendants willfully failed to compensate Plaintiff at a rate of not less than one and one-half (1.5) times his regular rate of pay for all hours worked in excess of forty (40) in a workweek, in violation of 29 U.S.C. § 207.

34. Defendants' failure to pay overtime compensation was willful, intentional, and in reckless disregard of the FLSA's requirements.

35. As a direct and proximate result of Defendants' unlawful conduct, Plaintiff has suffered damages in the amount of unpaid overtime wages.

36. Pursuant to 29 U.S.C. § 216(b), Plaintiff seeks recovery of unpaid overtime wages, an equal amount in liquidated damages, reasonable attorney's fees, and costs.

## COUNT II-BREACH OF CONTRACT (FLORIDA LAW)

37. The allegations of paragraphs 1 through 25 as set forth above are re- alleged in full and incorporated herein by reference.

38. Plaintiff and Defendants entered into a valid and enforceable employment agreement, formed by written communications and course of dealing, under which Defendants agreed to compensate Plaintiff with:

   a) A base salary of $2,000 per month; and

   b) Commissions equal to approximately 33% of revenue from jobs personally completed by Plaintiff.

39. Plaintiff fully performed, or was excused from performing, all conditions precedent under the agreement.

40. Defendants materially breached the agreement by, among other things, expressly refusing to pay the agreed salary and commissions (see Exhibit B) and by terminating Plaintiff without paying amounts owed.

41. Defendants' breach were substantial and went to the essence of the

agreement.

42.    Defendants' actions were willful and taken in bad faith.

43.    Plaintiff suffered damages as a direct and proximate result of Defendants' breach, including unpaid salary, unpaid commissions, and consequential damages.

## COUNT III- RETALIATION (FLSA, 29 U.S.C. § 215(a)(3))

44.    The allegations of paragraphs 1 through 25 as set forth above are re- alleged in full and incorporated herein by reference.

45.    Plaintiff engaged in protected activity when he demanded payment of wages owed.

46.    Immediately thereafter, Defendant Darien Rojas instructed Plaintiff to "stay home," terminating his employment.

47.    This constituted a materially adverse action.

48.    The termination was causally connected to Plaintiff's wage complaint.

49.    Defendants' conduct violated 29 U.S.C. § 215(a)(3).

50.    Pursuant to 29 U.S.C. § 216(b), Plaintiff seeks lost wages, liquidated damages, reinstatement or front pay, attorney's fees, and costs.

## PRAYER FOR RELIEF

Plaintiff respectfully requests that the Court enter judgment in his favor and award:

    a. Reinstatement, or front pay in lieu of reinstatement;

    b. Lost wages, salary, benefits, and other remuneration;

    c. Liquidated damages under the FLSA;

    d. Pre-judgment and post-judgment interest;

    e. Attorneys' fees and costs;

    f. Such other and further relief as the Court deems just and proper.

RESPECTFULLY submitted this April 2, 2026.

*/S/ Kyle J. Lee*
Kyle J. Lee, Esq.
FLBN: 105321
LEE LAW, PLLC
1971 West Lumsden Road, Suite 303
Brandon, Florida 33511
Telephone: (813) 343-2813
Kyle@KyleLeeLaw.com
Team@KyleLeeLaw.com

9