UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

PETER DOUGLAS,

      Plaintiff,

v.                                                    Case No. 8:26-cv-00940-KKM-NHA

ROJAS CARPET CLEAN, LLC, et al.,

      Defendants.

_____/

## **ORDER**

Plaintiff moves for entry of Clerk's default against Defendants Rojas Carpet Clean, LLC and Darien Rojas. Doc. 17. I grant the motion and direct the Clerk to enter default against both Defendants.

Plaintiff Peter Douglas sues Defendants Rojas Carpet Clean, LLC and Darien Rojas. Doc. 1. Plaintiff alleges Defendants breached their employment contract with him and violated the Fair Labor Standards Act by failing to pay Plaintiff for overtime hours and by terminating his employment as retaliation for seeking the overtime pay they owed. *Id.*

On April 13, Plaintiff filed returns of service for both Defendants, purporting to show that the United States Marshal had served Rojas Carpet Clean, LLC and Darien Rojas on April 10, 2026. Docs. 14, 15.

On May 6, 2026, Plaintiff filed the instant motion, asserting that Defendants Rojas Carpet Clean, LLC and Darien Rojas had been served and had failed to plead or otherwise respond within the time allowed by the Federal Rules of Civil Procedure. Doc. 17.

"When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." FED. R. CIV. P. 55(a). However, "[i]n the absence of service of process (or waiver of service by the defendant), a court ordinarily may not exercise power over a party the complaint names as defendant." *Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350 (1999). And, "[g]enerally, where service of process is insufficient, the court has no power to render judgment." *In re Worldwide Web Sys., Inc.*, 328 F.3d 1291, 1299 (11th Cir. 2003).

Federal Rule of Civil Procedure 4(e) governs the service of process on individuals. It provides that a party may serve an individual by "delivering a copy of the summons and of the complaint to the individual personally." FED. R. CIV. P. 4(e)(2)(A). As to Darien Rojas, the return of service shows that, on April 10, 2026, the United States Marshal served the complaint and summons on his person. Doc. 14.

Federal Rule of Civil Procedure 4(h)(1) governs the service of process on United States corporations, partnerships, and unincorporated associations,

2

and applies to service on limited liability companies (LLCs). *See Fitzpatrick v. Bank of New York Mellon*, 580 F. App'x 690, 693 (11th Cir. 2014) (applying 4(h) to an LLC). It provides that service may be made "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process." FED. R. CIV. P. 4(h)(1)(B). As to Rojas Carpet Clean, LLC, the return of service demonstrates that the United States Marshal served Rojas Carpet Clean, LLC on April 10, 2026, by serving a copy of the summons and complaint on Darien Rojas. Doc. 15. The website of the Florida Department of State, Division of Corporations confirms that Darien Rojas is an "authorized person" and "manager" for Rojas Carpet Clean, LLC, and lists as his address the one at which he was served.[1] *See id.* Thus, Plaintiff has served Rojas Carpet Clean, LLC in accordance with Rule 4.

Defendants had until May 1, 2026 to answer or otherwise respond to the complaint. They did not, nor have they appeared or otherwise demonstrated an intent to defend the case. Pursuant to Local Rule 1.10(b), Plaintiff had until

---

[1] Records of the Florida Department of State, Division of Corporations, are available at www.sunbiz.org, a verified website of a public agency. Federal Rule of Evidence 201 permits courts to take judicial notice of "a fact that is not subject to reasonable dispute because it[ ] . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). "The court may take judicial notice at any stage of the proceeding." Fed. R. Evid. 201(d).

May 29, 2026, to move for entry of Clerk's default, and Plaintiff timely did so on May 6, 2026. Doc. 17.

The Defendants have been served. They have not answered Plaintiff's complaint or otherwise demonstrated an intent to defend themselves in this action, and the time to do so has expired. Plaintiff timely moved for a Clerk's default. Entry of a Clerk's default is therefore appropriate as to Rojas Carpet Clean, LLC and Darien Rojas.

Accordingly:

(1)    Plaintiff's motion for Clerk's default (Doc. 17) is GRANTED;

(2)    The Clerk is directed to enter default against Defendant Rojas Carpet Clean, LLC and Defendant Darien Rojas;

(3)    Pursuant to Local Rule 1.10, Plaintiff shall, within 35 days of entry of Clerk's default against Defendants Rojas Carpet Clean, LLC and Darien Rojas, apply for default judgment against both Defendants, or file a paper identifying each unresolved issue necessary to the analysis of any motion for default judgment.

ORDERED on May 7, 2026.

NATALIE HIRT ADAMS
United States Magistrate Judge

4